COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


TAMIKA C. HARRIS
                                    MEMORANDUM OPINION*
v.    Record No. 2394-00-3              PER CURIAM
                                     JANUARY 30, 2001
TARGET STORES AND
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Tamika C. Harris, on briefs), pro se.

             (Warren H. Britt; Warren H. Britt, P.C., on
             brief), for appellees.


     Tamika C. Harris (claimant) contends that the Workers'

Compensation Commission erred in (1) finding that she failed to

prove that she sustained an injury by accident arising out of

and in the course of her employment on September 6, 1999; and

(2) denying her motion for sanctions against Target Stores and

its insurer (hereinafter referred to as "employer").  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.  Injury by Accident

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citations omitted).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant did not prove that she was injured as a result of a specific incident at work on September 6, 1999.  As the basis for its decision, the commission made the following findings:

> The claimant testified that on September 6, 1999, she was operating a triple pallet rider.  As she maneuvered the tines under a stack of pallets, and the rider came in contact with those pallets, she experienced a sudden onset of pain. However, this testimony is inconsistent with the recorded statement provided by the claimant on September 16, 1999, as well as the incident report completed by the claimant on that date.  In neither instance did the claimant indicate that she sustained injury from an incident as described in

-

hearing testimony. Rather, the claimant wrote that she experienced pain in the right knee while operating the triple pallet rider.

Further, the claimant reported complaints of pain at different times to two supervisors, [Rick] Parkinson and [Shawn] Pepple. Both supervisors testified that the claimant did not report the onset of pain when the triple pallet rider came in contact with the stack of pallets. [Tanya] Swarey testified that she interviewed the claimant on September 16, 1999, in conjunction with emergency treatment rendered. She testified that the claimant denied any trauma, and stated that there was a gradual increase in pain during the work shift. This is consistent with Swarey's contemporaneous report. Likewise, Dr. [Alan] Richardson did not record a history of injury due to a specific incident. This is consistent with Dr. [Gwo-Jaw] Wang's initial reports. It was not until October 1999 that any health care provider recorded a history of injury essentially consistent with the claimant's hearing testimony.

. . . The claimant's testimony as to the occurrence of an incident on September 6, 1999, is contradicted by her own statements on September 16, 1999, and reports to different supervisors and health care providers as to the cause of her symptoms . . . .

As fact finder, the commission was entitled to accept the testimony of employer's witnesses and to reject claimant's hearing testimony that a specific incident occurred. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, the issue of whether claimant sustained an injury

-

due to a specific identifiable incident at work on September 6, 1999 was entirely dependent upon her credibility. The commission, in considering the testimony of the witnesses, the documentary evidence, and the medical histories, found that claimant's evidence was not sufficient to establish her claim. In light of the inconsistencies between claimant's testimony and her prior statements to employer and her health care providers, we cannot say as a matter of law that her evidence sustained her burden of proof.

## II.  Sanctions

In denying claimant's request for sanctions against employer for alleged misconduct during the discovery process, the commission found as follows:

> The claimant propounded on the employer various discovery requests prior to the scheduled hearing in this matter.  The employer responded in a timely fashion, providing requested information in some instances, and raising objections to other requests.  The claimant filed a voluminous motion to compel and motion for sanctions which was considered by the Deputy Commissioner.  His findings, as reflected in the Opinion of May 1, 2000, are consistent with the record in this case.  Accordingly, we find no reversible error in his denial of the claimant's motions.

We have reviewed the record and claimant's arguments for sanctions.  We find that the commission's findings are amply supported by the record and that the commission did not abuse its discretion in denying claimant's request for sanctions.

-

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>